ROBERT WALSH *et al.*

*v.*

ELIZABETH WRIGHT.

*Filed at Ottawa November 10, 1881.*

1. WITNESS—*competency of party.* The exception in favor of heirs, in the statute making parties in interest competent to testify, was made for the benefit of the heirs themselves, and not for the benefit of strangers who are in nowise identified in interest with them.

2. On bill for the specific performance of a parol contract for the sale of land against a minor heir of the alleged vendor, the adult heirs having conveyed, and also to set aside a sheriff's deed to another, made on a sale under execution issued upon a judgment recovered after the sale to the complainant, and possession taken, the suit was dismissed as to the minor heir, and a hearing had as against the holder of the sheriff's deed: *Held*, that the complainant was a competent witness, after such dismissal, as to the minor heir, no relief being thereafter sought as against the heir.

3. PRACTICE—*time for objecting to secondary evidence.* It is well settled that secondary evidence may always be received upon the trial of an issue, unless objected to on that ground at the time it is given or offered, so that the objection may be obviated by further testimony. The objection to such testimony can not be taken for the first time in a court of review.

4. PLEADING AND EVIDENCE—*variance.* A bill by a purchaser of land to set aside a sale under judgment and execution against one of the vendors, alleged that the complainant bought from two persons who were the owners, and the proof showed that the negotiation for the purchase was made with only one of them, who was at the time the agent of the other, for whom he acted, as well as for himself, in making the sale, and who sent the other his share of the purchase money, and which other owner afterwards conveyed his interest to the one making the sale, to enable the latter to carry the contract into execution: *Held,* that there was no such variance, but even if there had been, it would not have been material, as the bill did not seek a specific execution of the contract.

5. NOTICE—*possession of land as to party's equity.* Actual possession of land under a parol or unrecorded contract of purchase, before the recovery of a judgment against the vendor, is notice to the judgment creditor, and all persons claiming under him, of the purchaser's rights.

6. CLOUD UPON TITLE—*sheriff's deed.* Where the purchaser of land takes actual possession, and makes payment of the purchase money before the recovery of a judgment against the vendor, a subsequent sale of the property under the judgment, and a sheriff's deed to the assignee of the creditor, will be set aside as a cloud upon the title of the purchaser.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Elizabeth Wright, on the 29th day of April, 1878, exhibited in the Will circuit court her bill in chancery, against Ellen McIntyre, Charles Hammond, John Gray, and Henry Prepenbrink, as sheriff, praying for the specific performance of a parol contract for the purchase of a tract of land alleged to have been made between complainant, the purchaser, and the said Hammond and Archibald McIntyre, the ancestor of the said Ellen McIntyre, and also for other relief. Subsequently an amended supplemental bill was filed in the cause, making Robert Walsh a party.

The supplemental and amended bill alleges that complainant purchased the tract of land in question of McIntyre

and Hammond, on or about the first of April, 1864; that the amount agreed to be paid was $950, with interest at ten per cent per annum; that she was to have her own time in which to make payment, so long as the interest was paid on the unpaid purchase money; that upon payment the vendors were to make her a good and sufficient deed to the premises; that this contract was in writing, but had been lost, and was never recorded; that soon after the purchase she paid $250, and immediately went into possession, and from thence up to the time of filing her bill she has been in the actual, open and visible possession of the same, and has made valuable improvements thereon, amounting to the sum of $500 and upwards; that on or before the 1st day of September, 1872, she had paid Hammond the full amount due him on the land, and demanded a deed for his interest; that on the 26th day of February, 1876, Hammond and wife made to McIntyre a quitclaim deed to the premises, and the same was duly recorded; that at the date of this deed complainant had not fully paid McIntyre for his interest in said premises, and upon being informed of Hammond's conveyance to McIntyre, the latter informed complainant it had been done for her benefit, and that as soon as her payments were completed he would convey to her; that McIntyre, without having made such conveyance, died, leaving a widow and four adult children, all of whom have since conveyed their interest in the premises; that the said Ellen, his remaining child, has not conveyed, by reason of her minority; that after Hammond had been fully paid for his interest in the land, to-wit, on the 2d of January, 1874, John Gray commenced a suit in the Will county circuit court against Hammond, and subsequently, on the 18th of February following, recovered a judgment against him in that proceeding, under which the land in controversy was sold, and purchased by Gray, as the property of Hammond; that Gray, for the purpose of defrauding complainant, without consideration, assigned the

certificate of purchase to Walsh, who subsequently received a sheriff's deed for the premises, and is threatening to oust complainant therefrom, etc., and prays, among other things, that said deed be set aside and surrendered as a cloud on her title.

The bill was dismissed as to Prepenbrink, Hammond and Ellen McIntyre, and the case proceeded to a hearing upon the merits as to the other parties, resulting in a decree setting aside, and declaring inoperative and void, the sheriff's deed to Walsh, and directing the same to be delivered up for cancellation, to reverse which decree the present appeal is prosecuted.

Messrs. HALEY & O'DONNELL, for the appellants.

Messrs. MUNN & MUNN, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

A reversal of the decree in this case is urged on several grounds, none of which go strictly to the merits of the controversy.

It is urged, in the first place, the court erred in considering the testimony of the complainant, Elizabeth Wright, on the ground that her evidence would not have been competent as against Ellen McIntyre had she been continued as a defendant in the case, for the reason Ellen was defending as heir, and it is insisted that the witness' competency can not be restored by dismissing the bill as to Ellen, and in support of this position the case of *Alexander* v. *Hoffman,* 70 Ill. 114, is cited. We do not regard that case as sustaining the position of appellants. It is neither in principle nor in its facts like the present case. In that case the assignee of an alleged contract of purchase was seeking to enforce it against the heirs of the alleged vendor without making the original purchaser and assignor of the contract a party, and it was

held that the assignor of the contract was a necessary party, and that he was not a competent witness as against the heirs. In that case the interests of the complainant and of the omitted party who was held incompetent to testify, were identical, and directly antagonistic to the interests of the heirs of the alleged vendor. In the present case, after dismissing the bill as to Hammond, Ellen McIntyre, and the sheriff, the whole object and purpose of the bill was to have the sheriff's deed set aside as a cloud upon the title of complainant,—a matter in which Ellen McIntyre had not the slightest interest. The complainant, as alleged in the bill, and clearly shown by the proofs, already had both the legal and equitable title to four-fifths of the property, and the sheriff's deed to Walsh was clearly a cloud upon her title to that extent, and so far as this deed was a cloud upon her title, was a matter in which, as just stated, Ellen did not have the slightest interest. Had the bill, as amended, sought to enforce a specific performance of the contract as to the remaining fifth of the estate, the legal title of which is still in Ellen, or if the bill, as amended, had sought in any manner to affect the original contract under which appellee claims the remaining fifth of the land, for which she has as yet received no deed, why, to that extent the present suit would have been adverse to Ellen, and in that event appellee would not have been a competent witness against her; but nothing of that kind is sought by the bill as finally amended, and neither Ellen, as heir, nor any one identified in interest with her, is complaining of appellee's testimony. There is no community of interest between appellants and Ellen, and her interests are not at all affected by the decree from which this appeal is prosecuted. The exception in favor of heirs, in the statute making parties in interest competent to testify, was inserted for the benefit of the heirs themselves, and not for the benefit of strangers who are in no manner identified in interest with them. We do not think this objection to the decree is well taken.

It is also objected that the court erred in permitting Elizabeth Wright to testify to the terms of the contract with McIntyre and Hammond, without having sufficiently accounted for the loss of the written contract. There are several answers to this objection, one of which is sufficient. Upon looking into the record itself, we find that the testimony of Mrs. Wright was taken before the master, and reported by him to the court, and that when her deposition was offered upon the hearing no specific objection was made to her testimony on the ground now suggested, and there was not, therefore, and could not have been, any ruling of the court upon it which can now be assigned for error. There was a general objection on the hearing to the competency of this witness, which we have just considered. There was also a general objection to her answers to interrogatories 6, 13, 14, 22 and 23, and these were the only objections raised to her testimony. The answers to interrogatories 6, 13 and 14, the only ones having any bearing on the question in hand, were excluded by the court. Thus it will be seen there is no foundation in fact for the error now complained of. It is well settled that secondary evidence may always be received upon the trial of an issue, unless objected to on that ground, and the law does not suffer parties to sit by and permit evidence of this character to be received on the trial without objection, and afterwards, for the first time, take advantage of it in a court of review. To permit this would be highly unjust to the opposite party, for where the objection is made in the court below, it affords the opposite party an opportunity of meeting the objection by further testimony.

It is further objected that there is a variance between the allegations and the proofs with respect to the parties from whom the purchase was made. It is claimed that while the bill charges that complainant bought it from McIntyre and Hammond, complainant swears that she had nothing to do

with Hammond in the purchase of the land, and Hammond swears that when he conveyed to McIntyre, he understood he was selling his interest to him. This may all be so, and still the purchase, in contemplation of law, may have been made from them both. It clearly appears that complainant was informed, at the time of the purchase, that Hammond had an interest in the land, as well as McIntyre, and it also further appears that the latter was, at the time, the general agent of Hammond with respect to this and other lands owned between them, and McIntyre evidently acted on behalf of Hammond, as well as himself, in making the sale to her, and sent him his share of the purchase money paid by her long before the Gray judgment was obtained, and she being in the actual possession of the premises was notice to Gray, and all persons claiming under him, of her rights.

But even if the variance existed, which we do not concede, still, under the bill, as amended, for reasons already stated, the variance can not be regarded as material. If complainant were seeking to enforce the specific performance of the contract in question as against appellants, then the objection, if true in point of fact, would be well taken; but such is not the case. As against appellants, complainant by her bill, as amended, seeks to have a cloud removed from her title to the land in controversy, which the bill and proofs clearly show in equity belong to her, hence it is a matter of no concern to appellants whether the original contract was technically with McIntyre and Hammond, or whether McIntyre alone sold her the entire interest in the property, with the understanding that he would procure a deed from Hammond as soon as his interest was paid for, and under this arrangement she, through McIntyre, paid Hammond his share of the purchase money, and the latter, for the purpose of enabling McIntyre to convey to her, conveyed the premises to him. In either view, we do not consider the objection well taken.

.   These are the only objections made by counsel which we deem of sufficient importance to consider.

The merits of this case are so manifestly with appellee, the decree ought not to be disturbed on any mere technical ground which could not have prejudiced appellants.

.   *Decree affirmed.*