Atkinson Trust and Savings Bank, Appellee, v. Edward DeReu, Herbert R. DeRoo, and Village of Atkinson, Appellants.

Gen. No. 10,329.

Opinion filed May 10, 1949. Released for publication May 27, 1949.

SHAW & CHAMBERLAIN, of Geneseo, for appellants.

ROBERT H. WHITE, of Geneseo, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On November 25, 1946, the Atkinson Trust and Savings Bank of Atkinson filed in the circuit court of Henry county its complaint against Edward DeReu, Herbert R. DeRoo and the Village of Atkinson praying for an injunction to enjoin the first two-named defendants from connecting sewers to an alleged private sewer of the plaintiff, and to enjoin the village from issuing permits to anyone to connect with the sewer.

It appears from the record that the sewer was laid in the year 1913, by the Farmer's Bank of Atkinson to serve a building which it then owned and occupied as a bank building located on the south side of Main street in the village. On October 26, 1927, the plaintiff obtained the title from the Farmer's State Bank of Atkinson, to the real estate on which the building is located, and it now occupies the building as its place of business. When the sewer was constructed, the Farmer's State Bank of Atkinson built a septic tank about ten or twelve feet south of the rear of the bank building and connected the sewer with the tank.

After the defendants' answer was filed, the plaintiff amended its complaint and further requested a mandatory injunction against DeReu and DeRoo commanding them to disconnect from the septic tank two drains leading from the rear of two properties located west of the bank building. It is admitted in the answer that DeReu owns real estate west of the bank building and that a sewer on his premises is connected by a drain with the septic tank. The answer admits that the Parsons building, hereinafter mentioned, is also connected by a drain to the septic tank.

An order was entered by the circuit court directing the issuance of a writ of temporary injunction restraining the defendants, DeReu and DeRoo, their agents and servants, from connecting a sewer to the sewer of the plaintiff. The writ was issued and served on the defendants. The defendants appealed from that order to this court and the order was affirmed and the case remanded to the circuit court. (*Atkinson Trust & Savings Bank v. DeRoo,* 332 Ill. App. 251.)

Thereafter the chancellor heard the evidence introduced under the pleadings and rendered an order making the temporary injunction permanent and restrained the defendants, DeReu and DeRoo, from connecting sewers to the private sewer of the plaintiff, and also restraining the village from issuing permits to anyone to connect with the sewer of the plaintiff, and commanding the defendants, DeReu and DeRoo to disconnect their drains from the septic tank of the plaintiff. From this order the defendants appealed to the Supreme Court which recently transferred the case to this court.

It is admitted by the pleadings that the village has not constructed a sewer in Main street to which the Farmer's State Bank of Atkinson could have connected the sewer leading from the bank building, but that there is a public sewer in Exchange street which is a block north of Main street.

It appears from the pleadings and the evidence that the bank sewer was laid under the bank building then, northward under Main street; that from Main street the sewer was extended to a place in Exchange street where it was connected with the public sewer in that street; that the sewer was constructed at the expense of the Farmer's State Bank of Atkinson; that the said bank and a person then owning the land on which the septic tank is located paid the cost of the construction of the tank, which land is now owned by the plaintiff.

In Paragraph 7 of the complaint it is alleged as follows: "That the defendants, Edward DeReu and Herbert R. DeRoo, are doing work or are having work done on certain real estate described as Lot 16 of the Assessor's Subdivision of Block 9 excepting a strip 24½ feet by 87½ feet off of the northeast corner of said lot, which lot is approximately 60 feet directly west of plaintiff's real estate; have laid a tile drain or sewer from said property to the south line of Main street; have secured the permission of defendant, Village of Atkinson, Illinois, to lay said tile drain or sewer in an easterly direction along the south line of Main street to the point where the plaintiff's drain or sewer goes under Main street, and that they plan and intend to connect their drain or sewer to that of the plaintiff, knowing it to be a private sewer of the plaintiff, without the consent of the plaintiff, all of which they are not entitled to do; and that such will cause irreparable damage to the plaintiff for which there is no adequate remedy at law."

Paragraph 9 of the complaint is identical with paragraph 7 excepting that it concludes as follows: "and they plan and intend to connect their drain or sewer to that of the plaintiff, . . . all of which is in violation of Section 2 of an Act declaring legal drains heretofore or hereafter constructed by mutual license, consent or agreement, by adjacent or adjoining owners of land, and to limit the time within which such license or agreement heretofore granted may be withdrawn. (Ill. Rev. Stat. 1945, C. 42, sec. 193–196, page 1348 [Jones Ill. Stats. Ann. 42.289 *et seq.*].)"

Paragraph 7 of the amended answer of the defendant is as follows:—"Answering paragraph 7 of the complaint, they deny each and every allegation of paragraph 7 of the complaint, except as such allegations as are hereinafter admitted; they state that Alma A. DeRoo holds a contract to purchase and is in possession of the following described real estate, (Here follows a

description of the real estate, by metes and bounds, which is described in the complaint). They state that Herbert R. DeRoo is agent of and for said Alma A. DeRoo in the management of such real estate; they admit that said Herbert R. DeRoo has laid a tile drain or sewer from said property to the south line of Main street; admit that he has secured permission of the Village of Atkinson to lay said tile drain or sewer in an easterly direction along said south line of Main street to a point near the south line where the sewer or drain from plaintiff's building lies under said street; admit that Herbert R. DeRoo intends to connect the drain or sewer laid by him to the drain or sewer from plaintiff's building at such point; deny that such drain or sewer from plaintiff's building is the private property of the plaintiff; deny that defendant, Herbert R. DeRoo is not entitled to make such connection and further deny that such connection will cause irreparable damage to the plaintiff or that his remedy at law is inadequate; admit that Edward DeReu is the owner of real estate directly to the west of the real estate described above in this paragraph, but deny that the said Edward DeReu has any interest whatsoever in said sewer or drain being laid by defendant, Herbert R. DeRoo, as aforesaid, or that the said Edward DeReu is in any way instrumental in, or connected with the laying of said drain, or the intended connection thereof, with the drain from plaintiff's building.''

Paragraph 9 of the answer is identical with paragraph 7 of the answer, but denies "that such actions or any of them are in violation of Section 2 of an Act declaring legal drains heretofore or hereafter constructed by mutual license, consent or agreement, by adjacent or adjoining owners of land, and to limit the time within which such license heretofore granted may be withdrawn. (ch. 42, Sec. 193–196, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 42.289 *et seq.*].)'' The reply of the plaintiff states that it has neither sufficient

knowledge nor information to form a belief as to the truth of the allegation that Alma DeRoo holds a contract to purchase and is in possession of the real estate described in the complaint and that Herbert R. DeRoo is agent of and for said Alma DeRoo in the management of said real estate.

At the hearing the defendant, DeRoo, testified without objection by the plaintiff, ''The building where the drain is, is owned by Alma A. DeRoo.'' On cross-examination by the plaintiff he testified, ''Alma A. DeRoo who owns the Parson building is my wife. I bought it for her. The deed is to her.'' It appears from the record that the Parson building, mentioned in the testimony of DeRoo, is the building from which DeRoo constructed the sewer which is in litigation here and which is connected to the septic tank by a drain. There was also introduced in evidence the permit of the Village of Atkinson issued to Alma A. DeRoo to connect a sewer with the sewer in Main street.

It is a rule of law that secondary evidence may always be received upon the trial of an issue, unless objected to on that ground at the time it is given or offered, so that the objection may be obviated by further testimony. (*Walsh v. Wright,* 101 Ill. 178; *Mason v. Truitt,* 257 Ill. 18.)

In this court, and on this appeal, the objection is first made by the defendants that Alma DeRoo should have been made a party defendant to the suit.

Where the plaintiff in a complaint for an injunction rests his case on the denial of the right of the owner of real estate to connect a sewer to the private sewer of the plaintiff and the agent of the landowner is made a defendant to the complaint and the agent relies on the permission of a municipality granted the landowner to connect with the alleged private sewer of the plaintiff, at a place in a public street of the municipality, the landowner has a legal and substantial interest in the subject-matter of the suit, and he is a

necessary party to the suit. (*Knopf v. First Nat. Bank of Chicago*, 173 Ill. 331; *Knopf v. Chicago Real Estate Board*, 173 Ill. 196.)

Considering the history of this case and all the facts and circumstances appearing in the record here on this appeal, we do not think that it is fair that the plaintiff should pay all the costs upon remandment of the case. It is therefore ordered that each party pay his costs incurred in this appeal.

The order of the circuit court directing the issuance of the writ of permanent injunction is reversed and the case remanded to the circuit court of Henry county with leave to the plaintiff to make the owner of the real estate described in the complaint, a party defendant and with direction to the court, if that is not done, to dismiss the bill at plaintiff's cost. (*McMechan v. Yenter*, 301 Ill. 508.)

*Reversed and remanded.*