CAWKER and others, Executors, etc., Respondents, vs. CEN-
TRAL BITULITHIC PAVING COMPANY, imp., Appellant.

*May 12—June 3, 1909.*

*Pleading: Demurrer: Constitutional law: Special laws: Defective mu-
nicipal contract: Curative act: Ratification by municipality: Ac-
tion:* Quantum meruit.

1. Where a taxpayer has brought an action against a city and a
   paving contractor to enjoin the collection of the contract price,
   an affirmative claim set up by the contractor by cross-complaint
   against the city for a recovery on implied assumpsit, if sus-
   tained, defeats the taxpayer's action, and hence he may chal-
   lenge the legal sufficiency of the cross-complaint on demurrer.
2. Ch. 677, Laws of 1907, purporting to validate certain classes of
   paving contracts theretofore made by "any municipal corpora-
   tion of the first class," relates to the city of Milwaukee, which
   is the only city then or ever theretofore in the first class of
   cities by legislative classification according to population, and
   relates wholly to past conditions. It is therefore a special law
   amending the charter of that city and within the condemnation
   of secs. 31, 32, art. IV, Const.
3. Where a municipal paving contract is invalid for failure to com-
   ply with charter requirements, the city cannot thereafter vali-
   date it by ratification without compliance with such charter
   provisions.
4. Where a street-paving contract is void for failure to comply with
   charter provisions, the contractor cannot go on and complete
   it and recover upon *quantum meruit.*

APPEAL from an order of the circuit court for Milwaukee
county: W. J. TURNER, Circuit Judge. *Affirmed.*

The appeal is from an order sustaining a demurrer to the
supplemental answer, counterclaim, and cross-complaint of
the appellant.

For the appellant there was a brief by *Winkler, Flanders,
Bottum & Fawsett,* attorneys, and *James G. Flanders* and
*J. M. Head,* of counsel, and oral argument by *Mr. Flanders.*

Among other references upon the part of the appellant were
the following: Secs. 18, 31, art. IV, Const.; *Adams v. Beloit,*

105 Wis. 363, 81 N. W. 869; *Warner v. Knox,* 50 Wis. 429, 7 N. W. 372; ch. 322, Laws of 1875; *Cawker v. Cent. B. P. Co.* 133 Wis. 29, 34, 113 N. W. 419; *Boyd v. Milwaukee,* 92 Wis. 456, 66 N. W. 603; *Johnson v. Milwaukee,* 88 Wis. 383, 60 N. W. 270; *Evans-Snyder-Buel Co. v. McFadden,* 105 Fed. 293; *Stevens Point B. Co. v. Reilly,* 44 Wis. 295; *Thomson v. Elton,* 109 Wis. 589, 85 N. W. 425; *McGillivray v. Joint School Dist.* 112 Wis. 354, 88 N. W. 310; *Rice v. Ashland Co.* 114 Wis. 130, 89 N. W. 908; *Schneider v. Menasha,* 118 Wis. 298, 95 N. W. 94; *Balch v. Beach,* 119 Wis. 77, 95 N. W. 132; *Martin v. Fond du Lac Co.* 127 Wis. 586, 106 N. W. 1095; *Appleton W. Co. v. Appleton,* 132 Wis. 563, 113 N. W. 44; *Lawrence v. Milwaukee,* 45 Wis. 306.

For the respondents there was a brief by *Ryan, Ogden & Bottum,* and oral argument by *L. M. Ogden.*

Among other references upon the part of the respondents were the following: Ch. 677, Laws of 1907; *Allen v. Milwaukee,* 128 Wis. 678, 106 N. W. 1099; *Ledebuhr v. Wis. T. Co.* 115 Wis. 214, 91 N. W. 1012; *Bostwick v. Mut. L. Ins. Co.* 122 Wis. 323, 99 N. W. 1042; *Chippewa B. Co. v. Durand,* 122 Wis. 85, 95, 99 N. W. 603.

Timlin, J.    The plaintiffs, executors and trustees under the will of E. H. Cawker, deceased, as resident taxpayers of the Sixteenth ward of the city of Milwaukee, brought this suit on October 26, 1906, against the city of Milwaukee, certain of its officers, and the appellant, to enjoin the city and these officers from accepting certain street-paving work done by appellant, from countersigning or paying over to appellant any city order or orders in payment for such work, and to have the contract for such work between appellant and the city adjudged void.    This complaint was upheld against demurrer of the appellant in *Cawker v. Milwaukee,* 133 Wis. 35, 113 N. W. 417.    The appellant answered this complaint, and this answer contained what the pleader called a counter-

claim against the plaintiffs, and a cross-complaint against
the city and its officers, and, among other forms of relief, de-
manded that the city authorities be required to make a reas--
sessment in case the original special assessment was held void.
There was a general demurrer by the plaintiffs, which was.
overruled by the decision of this court in *Cawker v. Cent. B.
P. Co.* 133 Wis. 29, 113 N. W. 419, holding that the cross-
complaint made a valid showing entitling the appellant to a.
reassessment, but not passing upon other claims of the
pleader, under the rule that if one good cause of action or de-
fense be found in the pleading a general demurrer thereunto.
must be overruled.   Instead of proceeding to a reassessment,
the appellant, after the cause was remitted to the circuit
court, pleaded what it termed "a fourth and further answer
and defense to the complaint in this action and . . . a coun-
terclaim against the plaintiffs, and . . . a cross-complaint
against the city of Milwaukee" and its officers.   The chief
point in this supplemental pleading was that the paving con-
tract in question was by a curative statute (ch. 677, Laws of
1907, published July 18, 1907) validated, ratified, and con-
firmed by the legislature.   By a "fifth cause of action and
by way of counterclaim and cross-complaint, and also by way
of answer and defense to the complaint in this action," the
appellant sought to recover from its codefendant, the city of
Milwaukee, the reasonable value of the material and labor
expended in good faith and at the instance and request of
the city in paving the street in question.   The prayer fol-
lowing these two pleadings is that the complaint be dismissed,.
the paving contract be declared affirmed and validated by ch.
677, Laws of 1907, and the city authorities authorized to pay
for the work as provided in the contract; but if the contract is.
not thus validated and affirmed, that the appellant recover
judgment against its codefendant, the city, for the reasonable
value aforesaid, less payments credited thereon.   To this.
pleading the plaintiffs demurred on the ground that the same

did not state facts sufficient to constitute a defense to the action or a counterclaim against the plaintiffs.   The demurrer was sustained and the case is brought here as stated.

The unusual situation of the plaintiffs with respect to this amended pleading is quite apparent, but, looking to the substance, anything in the nature of an affirmative claim by the appellant against its codefendant, the city, which would entitle the appellant to a recovery on this contract or on such matters growing out of this contract against the city, must certainly defeat the taxpayers' action to restrain such payment, and the plaintiffs may, treating such matters as a defense to their cause of action, challenge the legal sufficiency of such pleading on demurrer.

It is quite apparent that this new pleading raises only two points: (1) Is the curative statute (ch. 677, Laws of 1907) a valid law?   (2) Can a contractor, after having entered into a contract in writing with a city, invalid because failing to comply with charter provisions designed to secure competition, after completing the paving work described in such contract, and after the acceptance of such work by the city, recover upon implied assumpsit the reasonable value of the work and materials done and placed in the street?   The constitution of this state (art. IV, secs. 31, 32) forbids the enactment of any special law to amend the charter of a city, and requires the legislature to provide general laws for "the transaction of any business" thus prohibited, and requires that such general laws be uniform in their operation throughout the state.   The curative act in question applies "in all cases where any municipal corporation of the first class in this state shall have heretofore entered into any contract or contracts with any person, firm or corporation for the construction of any pavement or pavements, which contract or contracts are illegal because requiring the use of patented materials in whole or in part," etc.   Milwaukee is the only city which now is, or which ever in the past has been, in this

first class according to legislative classification by population. The act, relating wholly to past conditions, is therefore special, as much so as if the city of Milwaukee were expressly named therein. *Boyd v. Milwaukee,* 92 Wis. 456, 66 N. W. 603. It is argued that this makes impossible the enactment of curative statutes relating to municipalities. But we do not see that any such result follows. We must hold that the curative statute in question is unconstitutional and void.

The contract between the appellant and the city was expressly adjudged to be invalid in *Cawker v. Milwaukee,* 133 Wis. 35, 113 N. W. 417, for failure to comply with the charter provisions relating to contracts for the use of patented articles. These provisions were intended to secure and make effective competition between bidders. To now hold that the city might, without compliance with such provisions, ratify the contract and so validate it, or that the appellant might, notwithstanding the invalidity of the contract on this ground, go on and complete it and recover upon *quantum meruit,* would be to make these charter provisions practically ineffective. Former decisions of this court forbid such recovery by the appellant. *Chippewa B. Co. v. Durand,* 122 Wis. 85, 99 N. W. 603, and cases cited in opinion; *Appleton W. Co. v. Appleton,* 132 Wis. 563, 113 N. W. 44. The order sustaining the demurrer must be affirmed.

*By the Court.*—It is so ordered.