J. GREENEBAUM TANNING COMPANY, Appellant, vs. RAILROAD COMMISSION OF WISCONSIN and another, Respondents.

*December 10, 1927—January 10, 1928.*

*Public utilities: Action to review order of railroad commission: Adjusting rates charged consumer: Temporary injunction: Discretion of court.*

1. The question of the validity of an order of the railroad commission fixing the rates to be paid by one city to another for furnishing its water supply cannot be considered in an action to review a subsequent order readjusting the rates to be charged its customers by the former city.  p. 635.
2. Whether a temporary injunction shall issue is a matter largely within the discretion of the trial court.  p. 636.
3. As the only inconvenience the plaintiff consumer would suffer by the refusal of an injunction against the enforcement of the water rates prescribed by the railroad commission pending an action to review its order would be the necessity of paying such rates under protest and recovering the amount from the city if found unlawful, while the city could be deprived of additional revenue or its collection rendered very difficult if the order be found valid, the trial court did not abuse its discretion in denying a motion for a temporary injunction.  p. 636.

APPEAL from an order of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge. *Affirmed.*

Injunction. This action is brought to review an order of the *Railroad Commission* dated January 12, 1927, fixing certain rates upon which the city of *North Milwaukee* should supply its customers with water, and to enjoin, pending the action, the enforcement of the rates prescribed by the order of January 12, 1927. There was no answer by the defendant city. The *Railroad Commission* answered. Upon the amended complaint and the answer thereto, the plaintiff moved on February 5, 1927, for a temporary restraining order. The motion was denied, and from the order entered plaintiff appeals.

For the appellant there was a brief by *Lamfrom, Tighe, Engelhard & Peck,* attorneys, and *Leon B. Lamfrom,* of counsel, all of Milwaukee, and oral argument by *Mr. Lamfrom.*

For the respondent *Railroad Commission* the cause was submitted on the brief of the *Attorney General* and *Suel O. Arnold,* assistant attorney general.

For the respondent *City of North Milwaukee* there was a brief by *Harrington & Roller* of Milwaukee, and oral argument by *P. J. Harrington,* city attorney.

ROSENBERRY, J.   It appears that the city of *North Milwaukee,* formerly the village of North Milwaukee, has since 1902 been supplied with water for its distribution system by the city of Milwaukee at the agreed compensation of six cents per one hundred cubic feet.   The arrangement between the city of Milwaukee and the village, now city, of *North Milwaukee* was never reduced to a formal written contract, but no significance is attached to that fact.   It appears from the pleadings that on December 9, 1926, the *Railroad Commission* made an order fixing the compensation at ten cents per one hundred cubic feet instead of six cents, and thereafter an order readjusting the rates in the city of *North Milwaukee,* of which complaint is made, was entered on January 12, 1927.   The theory upon which the plaintiff claims the right to a temporary restraining order is that the order of December 9, 1926, fixing the rate to be paid by the city of *North Milwaukee* to the city of Milwaukee is void, and that in any event the city of Milwaukee will continue to supply water at the six-cent rate until January 1, 1930.   Whether the order of December 9, 1926, is void is a question not now before us.   This action was not begun to review that order.

Under the statute, the order of January 12, 1927, is a valid and subsisting order until set aside in the manner prescribed by statute whether the order of December 9th

is valid or not. The only inconvenience which the plaintiff will suffer by reason of not being granted an injunction pending the action is that it will have to pay the prescribed rate under protest, which if found to be unlawful it will have to recover from the city of *North Milwaukee*. On the other hand, if the order of January 12, 1927, is found to be valid, the city could be deprived of its additional revenue, or at least it would be rendered very difficult of collection. Whether or not a temporary injunction shall issue is a matter largely within the discretion of the trial court. *Cawker v. Milwaukee*, 133 Wis. 35, 113 N. W. 417; *Milwaukee v. Gimbel Bros.* 130 Wis. 31, 110 N. W. 7.

It is considered that the trial court did not abuse its discretion in denying plaintiff's motion for a temporary injunction.

*By the Court.*—The order appealed from is affirmed.