## GREEN BAY & W. R. CO. et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8618.

Circuit Court of Appeals, Seventh Circuit.

Feb. 27, 1945.

Cadwalader, Wickersham & Taft, Merrill Manning and Clarence Castimore, all of New York City, and John Harrington, of Chicago, Ill., for petitioner.

Samuel O. Clark, Jr., Sewall Key, Robert Koerner, and T. Carroll Sizer, Asst. Attys. Gen., and J. P. Wenchel and John Morawski, Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before MAJOR and KERNER, Circuit Judges, and BRIGGLE, District Judge.

MAJOR, Circuit Judge.

This is a petition for review of a decision of the Tax Court of the United States, entered February 28, 1944, in which the court sustained deficiencies in the income taxes of Green Bay & Western Railroad Company [1] (hereinafter referred to as petitioner), for the years 1937 and 1939, as determined by the Commissioner of Internal Revenue.

In the taxable years, petitioner paid certain amounts from its earnings to the holders of its class A and class B debentures. The question for decision is whether such payments constituted interest "paid or accrued within the taxable year on indebtedness" within the meaning of § 23(b)

---

[1] The Ahnapee & Western Railway Company mentioned in the title has no interest in the case.

of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 827 or whether they constituted dividends within § 115 of the same Act, 26 U.S.C.A.Int.Rev.Acts, page 868. Petitioner contends that such payments were interest, while the Commissioner contends that they were dividends or at any rate did not constitute a payment of interest as contemplated by § 23(b).

The facts are lengthy, but in our view the question for decision depends largely and perhaps entirely upon the language of the debentures upon which the payments were made. We shall, therefore, not make a detailed statement of the facts. They may be found in the decision of the Tax Court, 3 T.C. 372.

Briefly, petitioner is a corporation organized and existing under the laws of the state of Wisconsin. At the time of its incorporation (1896), it was capitalized for $2,500,000, represented by 25,000 shares of a par value of $100 each. At the time of its incorporation, it purchased all the rights, powers, privileges, franchise and property of two predecessor railroad corporations, for which it issued all of its authorized shares of capital stock, together with $600,000 of class A debentures and $7,000,000 of class B debentures, all of such debentures being in the amount of $1,000 each. All of the stock, as well as all of the debentures, was outstanding during the taxable years.

The class A debentures so far as material provided: "In the event of any sale or reorganization of the railroad and property of said Company, the net proceeds thereof, after payment of all liens and charges thereon shall first be distributed to and among the holders of said Class A Debentures, and of the capital stock * * and any surplus remaining after payment of the face value of the entire series of such Class A Debentures, and the entire par value of said stock, shall be distributed pro rata to and among the holders of * * * Class B Debentures."

The debentures also provided that holders of the A debentures should in lieu of interest participate in a distribution of income to the amount of 2½% of the face value of the debenture only in case the earnings were sufficient; otherwise the distribution was to be pro rata. After payment of 2½% to the class A debenture holders, the stockholders were entitled to payment from earnings of a like amount.

After such payments had been made to the class A debenture holders and the stockholders, any remaining net earnings were to be distributed pro rata to the class A debenture holders and the stockholders until 5% had been paid upon the face value of the debentures and the par value of the stock. The debentures further provided: "None of such payments shall be cumulative. The amounts, if any, payable on Class A Debentures out of the net earnings in any year, will be fixed and declared by the Board of Directors * *." The debentures had no maturity date.

After payments had been made to the class A debenture holders and the stockholders as above related, any net earnings remaining were to be paid to the holders of class B debentures pro rata. There is no occasion to relate the provisions of the class B debentures as they are substantially the same as those contained in the class A debentures. According to the terms of the class B debentures, all payments on them were subject and inferior to payments provided for class A debentures and stockholders, as above stated.

This court, in Commissioner v. Meridian & Thirteenth R. Co., 132 F.2d 182, and in the more recent case of Commissioner v. John Kelley Co., 7 Cir., 146 F.2d 466, decided a similar question adversely to the taxpayer upon facts, so we think, more favorable to the taxpayer than those of the instant case. In those cases, we cited and discussed numerous authorities and no good purpose could be served in again reviewing them. In the Meridian case in particular, we discussed and enumerated the criteria which ordinarily may be utilized in determining whether payments made under circumstances of the instant case are to be treated as interest or dividend payments. What we said there is largely controlling in the instant situation.

The debentures on their face disclose that they had no fixed maturity; that the dividends were not cumulative and were payable within the discretion of the board of directors; that there was no provision for interest on unpaid dividends; that the debenture holders had no right to maintain an action in case of default as to the payment of dividends inasmuch as such payment was in the discretion of the board of directors; that the status of the debenture holders of class A was on a par with that of stockholders; and that rights of

the debenture holders, both class A and class B, were inferior to those of creditors. Moreover, the investments in the debentures represent value paid in at the time of petitioner's incorporation and constitute a large part of its operating capital. Furthermore, the investments can be withdrawn only at the dissolution of the corporation. They are subject to the hazards of the business and in our opinion may properly be designated as a part of the capital structure.

The judgment of the Tax Court is affirmed.