## WILLIAMS et al. v. GREEN BAY & W. R. CO.

District Court, S. D. New York.
Sept. 30, 1946.

Unger & Pollack, by Milton Pollack, all of New York City, for plaintiffs.

Cadwalader, Wickersham & Taft, by Merrill M. Manning and Walter Bruchhausen, all of New York City, for defendant.

BONDY, District Judge.

Plaintiffs and defendant seek summary judgment.

Plaintiffs allege in their complaint that they bring this action "on behalf of themselves and of all other holders of Class B Debentures of defendant Green Bay and Western Railroad Company who may elect to join in the prosecution of this action and contribute to the expense thereof," that the "question which is the subject of this action is one of common and general interest to all holders of Class B Debentures of the defendant, Green Bay and Western Railroad Company," and that the defendant, contrary to its agreement with the Class B Debenture holders, failed to distribute net earnings in certain years commencing with 1924 to and including 1943. Plaintiffs demand judgment:

"(1) That the rights of plaintiffs and of all other holders of Class B Debentures in and to the net earnings of the defendant be determined;

"(2) That this Court decree that the holders of Class B Debentures of defendant are entitled to receive pro rata the sum of $809,618.15, with appropriate interest, as their share of the annual net earnings of defendant for the years 1924 to 1943, inclusive, in lieu of interest on said debentures;

"(3) That this Court direct the defendant to pay and distribute such sum among the holders of its Class B Debentures pro rata."

The issue now presented is whether a judgment entered on May 13, 1946, in the case of Biltchik et al. against this defendant, in the Circuit Court of Brown County in the State of Wisconsin, in which the defendant was incorporated, dismissing after trial a suit brought by other holders of Class B Debentures on behalf of themselves and all other holders of said debentures, from which an appeal is now pending undetermined, is res judicata of plaintiffs' rights.

The complaint in the Wisconsin action sought payment of net earnings for years commencing with 1903 to and including 1944. It stated that: "the question in this action is one of common or general interest to all owners and holders of such debentures and it would be impracticable to bring them all before the Court. Plaintiffs, therefore, bring this action for the benefit of all holders of said Class B Debentures of the corporation." The complaint demanded judgment:

"A. Directing the individual defendants herein, who are directors of the corporation, to fix and declare, and the corporation to pay, pro rata to the plaintiffs and all other holders of Class B Debentures the sum of $1,229,248.61 plus such amount as the court may find to be due and owing for the year 1944."

The effect of the Wisconsin judgment must be determined by reference to the law of Wisconsin. A judgment of a state has only that effect given to it by the court of the state in which it was rendered. Wright v. Georgia Railroad & Banking Co., 216 U.S. 420, 429, 30 S.Ct. 242, 54 L. Ed. 544; Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 309 U.S. 4, 8, 60 S.Ct. 215, 84 L.Ed. 537. The Wisconsin action was a class action brought by representatives of Class B Debenture holders on behalf of all such holders as is expressly authorized by Section 260.12 of the Wisconsin Revised Statutes which provides that "* * * when the question is one of a common or general interest of many persons or when the parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole." This statute merely reenacted the rules which prevailed in equity. Day v. Buckingham, 87 Wis. 215, 220, 58 N.W. 254; Frederick v. Douglas County, 96 Wis. 411, 416, 71 N.W. 798. In a true class suit, where parties sue upon a common right, where all are interested in the result and where the complaint asks relief to which the whole body only is entitled, all will be bound by the result. Cawker v. Milwaukee, 133 Wis. 35, 39, 42, 113 N.W. 417; Smith v. Swormstedt, 16 How. 57 U.S. 288, 303, 14 L. Ed. 942; Supreme Tribe of Ben-Hur v.

Cauble, 255 U.S. 356, 41 S.Ct. 338, 65 L. Ed. 673. See Linden Land Co. v. Milwaukee Electric Ry. & Light Co., 107 Wis. 493, 508, 83 N.W. 851.

The Class B Debentures provide that the face amount thereof is payable "only in the event of a sale or reorganization of the Railroad and property of said company, and then only out of any net proceeds of such sale or reorganization which may remain after payment of any liens and charges upon such railroad or property, and after payment of Six hundred thousand dollars to the holders of a series of debentures known as Class A, * * * and the sum of Two Millions five hundred Thousand Dollars to and among the stockholders of said company." They further provide: "The said Railroad Company Hereby Agrees that until such payment, the holders of this Series of Debentures shall in lieu of interest thereon participate in the distribution of annual net income to the following extent only viz.: So much of the annual net earnings of the said Company in any year as would be applicable to the payment of dividends on stock shall be applied as follows, viz: To the holders of Class A Debentures 2½ per cent upon the face value thereof, or if such annual net earnings are insufficient for the payment of the same, then all of such net earnings shall be distributed pro rata among the holders of said Class A Debentures. After the payment of 2½ per cent upon the face value of Class A Debentures, the stockholders of the Company are entitled to receive the balance of such net earnings until 2½ per cent shall have been paid out of the same upon the par value of the said stock, and all surplus net earnings then remaining shall be paid to the holders of Class A Debentures and of the stock pro rata, until five per cent shall have been paid upon the face value of said debentures and upon the par of said stock for such year, and any surplus net earnings arising in such year which may then remain shall be paid to and distributed among the holders of Class B Debentures pro rata. None of such payments shall be cumulative. The amounts, if any, payable upon this series of debentures out of the net earnings in any year, will be fixed and declared by the Board of Directors on or before the first day of February, in the following year, and when so declared, any amount payable hereon will be paid at * * *."

The plaintiffs contend that neither the Wisconsin action nor this action is a true class action because in both suits the plaintiffs seek to recover for themselves a pro rata share of the net earnings of the defendant to which each holder of Class B Debentures is severally entitled under the express terms of the agreement, irrespective of the failure of the directors of the defendant to declare payment thereof. Defendant contends that the plaintiffs are entitled only to payments if, when and to the extent declared by the directors. The plaintiffs' contention can not be sustained.

In Williams v. Green Bay & Western R. Co., 147 F.2d 777, 779, the Circuit Court of Appeals for this Circuit construed the Class B Debentures as follows: "The provision for declaration and payment of sums due annually under the debentures, as well as the long continued practice under it for the many years in question, leave in no doubt, we think, that before any sums became due and payable under the debentures, corporate action had to be taken to fix and determine them. Instead of carrying a fixed rate of interest, the debentures promised, in lieu thereof, a contingent portion of the annual net earnings, this interest to be ascertained, fixed and declared in each year by the directors. According to the claim, the directors in each of the years but three fixed and declared, and the appellee paid the amounts determined to be due.. If, therefore, support were needed for the view that the provision in the debentures, that the sums, if any, due were to be fixed and declared by the directors, meant just that, the long practice in accordance therewith and the long acquiescence of the debenture holders in that practice would provide it."

The Supreme Court of the United States in Williams v. Green Bay & W. R. Co., 326 U.S. 549, 552, 66 S.Ct. 284, 285, reversing the Second Circuit Court, 147 F.2d 777, on another point involving the question of jurisdiction, stated that the majority of the Circuit Court "concluded that even though there were net earn-

ings after the payments to the Class A debentures and to the stock, the directors had discretion to determine whether or not that sum should be paid to the Class B debentures." And further that: "We leave open the question of the proper construction of the 'net earnings' covenant in the Class B debentures. Although we assume that the majority of the court below was right in its interpretation of the covenant, we think it was improper to dismiss * * *."

In Green Bay & W. R. Co. v. Commissioner of Internal Revenue, 147 F.2d 585, 586, the Circuit Court of Appeals for the Seventh Circuit, construing the Class B Debentures stated: "The debentures on their face disclose that they had no fixed maturity; that the dividends were not cumulative and were payable within the discretion of the board of directors; that there was no provision for interest on unpaid dividends; that the debenture holders had no right to maintain an action in case of default as to the payment of dividends inasmuch as such payment was in the discretion of the board of directors; * * *."

Finally in the Biltchik case, supra, the Wisconsin Circuit Court construed the Class B Debentures to mean that "none of the income or earnings of the defendant corporation is payable to or distributable to the holders of such Debentures unless and until the Board of Directors of the defendant corporation, in their discretion, so declare by resolution" and that "the mere ascertainment that the said defendant corporation has income or earnings does not entitle the Class B Debenture holders thereto or any part thereof."

■ Under the provisions of the Class B Debentures, declaration of amounts payable out of net earnings was discretionary, not mandatory. See New York, L. E. & W. R. Co. v. Nickals, 119 U.S. 296, 7 S.Ct. 209, 30 L.Ed. 363. The whole body of Class B Debenture holders being entitled to dividends only in common, the attempt to enforce the declaration of such dividends by some on behalf of all was a true class suit and the dismissal thereof was conclusive on all. 2 Moore's Federal Practice 2236, 2255, 2294.

■ The pending appeal from the Wisconsin judgment does not suspend its operation as an estoppel to this suit according to the rule established in the Wisconsin courts, Smith v. Schreiner, 86 Wis. 19, 56 N.W. 160, 39 Am.St.Rep. 869; Town of Fulton v. Pomeroy, 111 Wis. 663, 669, 87 N.W. 831, regardless of the rule in other jurisdictions. See Coppedge v. Clinton, 10 Cir., 72 F.2d 531, 534, 536.

Plaintiffs' motion for summary judgment accordingly must be denied and defendant's motion for summary judgment must be granted.