PUNG, Respondent, vs. DERSE and others, Appellants.

*March 14—April 4, 1917.*

*Building contracts: Provision for change in materials, etc.: Validity: Taxpayer's action to restrain payments.*

1. In a contract for the erection of a school building a clause providing that changes might be made by the school board in the materials, methods of construction, etc., of the building, was a usual and valid provision.
2. Such changes, when they are made in good faith and do not substantially change the character of the building or unreasonably increase its cost, may be legally made without taking the steps required to be taken before letting the original contract. So *held* as to a change from a composition roofing of the tar and gravel type to an asbestos and asphalt built-up roofing.
[3. Whether a taxpayer's action can be maintained to restrain the making of payments on a building contract because of changes made as above stated, where neither the taxpayer nor the municipality suffers any loss, and especially where the action was not commenced until the work was nearly finished, is doubted.]

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

This is a taxpayer's action brought to enjoin the city of *Milwaukee* and its school board from paying for the construction of an asbestos roof placed by the defendant *Holstein* upon a certain school building erected by him under contract with the city.    The plaintiff's claim is that the contract for the construction of the asbestos roof was illegal and void because not let as required by the city charter, *i. e.* that plans and specifications were never filed, proposals never asked for, and the contract not let to the lowest bidder.

The facts were not materially in dispute.    The school board in January, 1915, duly adopted and filed plans and specifications for certain portions of the school building, including the roof, which was included under the general head of carpenter work.    The carpenter work contract was awarded to the defendant *Holstein* after due advertising, and a contract was executed February 8, 1915, by which *Holstein* agreed to do the same according to the plans and specifications on file.    According to such plans and specifications the roof surfaces were to be covered with "a composition and built-up roofing material," composed of several thicknesses of tarred felt and a layer of heavy cloth, all saturated with several applications of hot pitch, and finally covered with gravel imbedded in the last coating of pitch.    The contract also contained the following provision:

"The board and architects reserve the right at all times to modify, alter, change, or add to any portion of the works or its design.    Also to make such changes in the material, method of construction, or in fixtures, apparatus, or machinery as the board and architects may deem advisable and conducive to good construction and durability."

March 19, 1915, and before commencing the building, the contractor, *Holstein,* suggested in writing to the school board that he would like to change the roofing material and put on the building "asbestos and asphalt built-up roofing" manufactured by the defendant the *H. W. Johns-Manville Co.* in-

stead of the composition roofing of the tar and gravel type as stipulated in the contract. No change in the building in other respects was suggested. The letter containing this offer also contains the following reasons for making the change:

"It is not with the idea of substituting a cheaper material that we bring up this matter. This asbestos roofing is built upon the job similar to the tar and gravel type, except that the asbestos requires no gravel or other surface protection. It is purely a mineral felt saturated with Trinidad Lake asphalt (which is also a mineral). The different layers are solidly cemented together with asphalt cement (not tar) and the top receives a surfacing of asphalt coating, thus always presenting a clean and attractive appearance—(free from slag and gravel which clogs gutters, conductors, etc.).

"The insulating properties of asbestos are worthy of your consideration, as this helps to keep the rooms of the top floor cooler in summer. Asbestos roofing is also approved by the national board of fire underwriters.

"You will receive a ten (10) year guaranty on this asbestos asphalt built-up roofing direct from the manufacturer on both material and workmanship. It is not subject to as rapid decomposition and evaporation as the organic types of roofing and you are, therefore, assured of receiving considerable longer life.

"The responsibility of the *Johns-Manville Company* assures us of the best possible kind of jobs. We attach hereto a copy of their roofing specifications."

This offer of substitution was accepted by the school board a few days later and *Holstein* proceeded with the building. The new roofing did not cost any more than the roofing first named in the contract, and it is not claimed by the plaintiff that it is in any way inferior nor that the school directors acted in bad faith in making the change, but simply that they acted illegally.

This action was commenced in September, 1915, at which time the building had been fully inclosed and the defendant

the *Johns-Manville Co.* was laying the roofing on the building.

The trial court found that the contract for the change in the roof was illegal because made without the filing of plans and specifications and without advertising for proposals; and adjudged that the city withhold $2,300 from the contract price of *Holstein's* work upon account of said roofing, and that sum be not paid either to *Holstein* or to the *Johns-Manville Co.;* also that the plaintiff recover his costs of *Holstein* and the *Johns-Manville Co.*

From this judgment all of the defendants appeal.

For the appellants *City of Milwaukee* and the members of the board of school directors (*Derse* and others) there was a brief by *Clifton Williams,* city attorney, and *Chas. W. Babcock,* assistant city attorney, and oral argument by *Mr. Babcock.*

For the appellants *H. W. Johns-Manville Co.* and *August Holstein* there was a brief by *Lenicheck, Robinson & Boesel* of Milwaukee, and oral argument by *Frank T. Boesel.*

*Raymond J. Cannon,* attorney, and *Bernard V. Brady,* of counsel, both of Milwaukee, for the respondent.

Winslow, C. J.　It is beyond dispute that the original contract with *Holstein* for the erection of the school building was valid.　This being so, it follows that the judgment rendered here was clearly wrong because (1) the clause in the contract providing that changes might be made by the board in the materials, method of construction, etc., of the building was a usual and valid provision (*Mueller v. Eau Claire Co.* 108 Wis. 304, 84 N. W. 430); (2) such changes, when they are made in good faith and do not substantially change the character of the building or unreasonably increase its cost, may be legally made without taking the steps required to be taken before letting the original contract (*Mueller v.*

*Eau Claire Co., supra*); (3) the change made here is admitted to have been made in good faith, and it neither increased the cost of the building nor in anywise changed its character or efficiency.

We have preferred to dispose of the case on the merits, but we are not to be understood as deciding or intimating that a taxpayer's action can be maintained under such circumstances as are presented here, where neither the taxpayer nor the corporation suffers any loss, and especially when the action was not commenced until the work is nearly finis..ed. That is a question which admits of gravest doubt. *Linden L. Co. v. Milwaukee E. R. & L. Co.* 107 Wis. 493, 83 N. W. 851; *Ebert v. Langlade Co.* 107 Wis. 569, 83 N. W. 942; *Warden v. Hart,* 162 Wis. 495, 156 N. W. 466.

*By the Court.*—Judgment reversed, with costs, and action remanded with directions to dismiss the same on the merits. Appellants to tax but one attorney's fee in this court, same to be divided equally.