WHITE CONSTRUCTION COMPANY, Appellant, vs. CITY OF BELOIT, Respondent.

*September 12—October 10, 1922.*

*Municipal corporations: Contracts fully performed: Invalid contracts: Failure of city comptroller to countersign: Damages arising out of breach of duty imposed by invalid contract.*

1. The rule that where a contract is fully performed the parties are bound thereby the same as though the contract had been validly executed is not applicable to a contract for street paving which was not countersigned by the city comptroller with an indorsement thereon showing that there were sufficient funds to meet the expenses, as required by secs. 925—45 and 925—93, Stats. 1919.
2. The statutes prescribing clearly the exact procedure which shall be followed in the execution of contracts with a city, the provision therein that no such contract shall be valid until it is countersigned by the city comptroller makes the statute mandatory, and failure to comply therewith is fatal to the validity of the contract.
3. In such case the contractor is not entitled to recover damages for a breach of duty arising out of the supposed contract, though it had been fully performed.

ESCHWEILER, J., dissents.

APPEAL from an order of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

This action was begun to recover from the defendant city damages alleged to have been caused by reason of its failure to give promptly to the plaintiff the use of its streets in order to permit the plaintiff to carry out its contract for

paving, and that by reason of the delay, due to the failure of the city, the plaintiff sustained the damages complained of. From the order sustaining the demurrer the plaintiff appeals.

For the appellant the cause was submitted on the brief of *Jeffris, Mouat, Oestreich, Avery & Wood* of Janesville.

For the respondent there was a brief by *R. A. Edgar,* city attorney, and *Olin, Butler, Thomas, Stebbins & Stroud* of Madison, of counsel, and oral argument by *Mr. Edgar* and *Mr. Byron H. Stebbins.*

ROSENBERRY, J. The only question raised upon this appeal is whether the execution of the contract between the plaintiff and defendant was sufficient notwithstanding the fact that the comptroller of the defendant city failed to certify that funds were available and failed to sign the contract. This involves a construction of sec. 925—45 and 925—93, Stats. 1919. Sec. 925—93 provides:

"All contracts shall be signed by the mayor and clerk unless otherwise provided by resolution or ordinance; provided, that no contract shall be executed on the part of the city until the comptroller shall have countersigned the same and made an indorsement thereon showing that sufficient funds are in the treasury to meet the expense thereof or that provision has been made to pay the liability that will accrue thereunder."

Sec. 925—45, relating to the duties of the comptroller, provides:

"He shall countersign all contracts made with the city if the necessary funds shall have been provided to pay the liability that may be incurred thereunder, and no such contract shall be valid until so countersigned."

In the execution of the contract upon which suit is brought there was no compliance with either of these sections. The comptroller did not sign the contract and he did not execute the necessary certificate. However, the parties entered upon the performance of the contract and

it was fully performed. The paving was fully constructed and the full amount of the contract price was paid by the defendant to the plaintiff. This action, as has been stated, is brought to recover damages arising by reason of the defendant's breach of duty in respect to surrendering its streets so that the work might be properly and expeditiously carried on.

It is first urged that the suit is not upon the contract. We think it is clearly evident that it is. If there is no valid contract between the parties, then the defendant city owed no duty to the plaintiff in the respects complained of.

It is next urged that, the contract having been fully performed, the parties were bound thereby as fully and completely as if the contract had been signed and the certificates executed by the comptroller. While the principle of law upon which this argument is based may be sound as applied to contracts between private parties, it is not applicable to those contracts of a municipality which the statute provides shall be executed in a specified manner and form. *Cawker v. Central B. P. Co.* 140 Wis. 25, 121 N. W. 888.

The complaint alleges that provision had been made for sufficient funds to pay the liability which would be incurred under the contract. It is claimed that under the circumstances the required act of the comptroller in executing the certificate required by sec. 925—93 was a mere ministerial act and that his omission to sign the contract as required by the provisions of sec. 925—45 was a mere irregularity, it being the intent of both parties thereto that the contract should be fully and validly executed. We do not think that the signature of the comptroller and the making of the certificate are merely ministerial acts. The contrary is not established even if it be true that the comptroller might be compelled by *mandamus* to sign in a proper case. The provisions of the statutes relating to the execution of contracts by cities are part of a general legislative scheme to require public officials, in incurring liability on

White Construction Co. v. Beloit, 178 Wis. 335.

behalf of the city, to provide at the same time the funds out of which the liability may be met. The statute prescribes clearly and in considerable detail the exact procedure which shall be followed in the execution of contracts. The provision that the contract if not so executed shall be void, in our opinion makes the statute clearly mandatory, and the failure to comply therewith is fatal to the validity of the contract. To hold that it is not so is destructive of the very object and purpose of the statute. It is not for the court or the common council or the opposite party to determine in the first instance whether or not sufficient funds have been provided. That is the duty of the comptroller. In this case there was no valid contract and the plaintiff cannot successfully assert a right to recover damages for a breach of a duty arising out of the supposed contract.

We are not confronted in this case with facts which show that the city has been enriched under such circumstances as would enable a party to maintain *quantum meruit*. Here the plaintiff has received the full contract price for the work and labor done and the material furnished. Nor does the good faith of the parties in any way affect the situation. The city may enter into a valid contract in the way specified by law and not otherwise. This is a limitation upon the right of a city to contract which the legislature has the right to create and we are not disposed to construe it away. Any other construction would be contrary to the spirit if not the letter of a long line of decisions. *Hoeppner-Bartlett Co. v. Rhinelander,* 142 Wis. 229, 125 N. W. 454; *Neacy v. Milwaukee,* 171 Wis. 311, 176 N. W. 871, and cases cited.

*By the Court.*—Order affirmed.

ESCHWEILER, J. (*dissenting*). The defendant city concededly had power to execute the contract upon which plaintiff bases its claim of right to recover. Such contract lacked

nothing to make it absolutely complete except the mere signature of one of the city's officers who is required, under the statute cited in the majority opinion, to countersign it before the other officers can properly execute it. He has no veto power whatsoever or any discretion to be exercised. There were sufficient funds on hand, and through oversight or mistake such mere formality of signature was not complied with before the other officers of the city did execute it. Such comptroller is charged with the duty only of ascertaining if there be sufficient funds on hand to meet the proposed obligation and if such be the fact then to certify to that fact by his countersigning. Manifestly it is the fact of sufficient funds being on hand that is the essential thing. His mere signature is not the fact, it is merely the formal evidence of the existence of the requisite fact. Here the city acted upon this as a proper contract, had it signed by the proper officers other than the comptroller, accepted its benefits and paid its agreed price, all such steps being taken as though the fact of sufficient funds existed, as in fact it did exist; yet the city is now permitted to repudiate such contract solely because of the mere lack of a signature, which at most is mere evidence of the existence of a conceded fact.

In my judgment the holding in this case is an exalting of the shadow over the substance. The absence of the comptroller's signature was in no sense the equivalent of the absence of the required funds. That he merely failed to certify to the fact of sufficient funds on hand surely did not alter the fact that the funds were there, or in anywise jeopardize the rights of the city or of any taxpayer thereof. The holding here is in striking contrast with the holding in the case of *MacLeod v. Washburn, post,* p. 379, 190 N. W. 124, decided herewith.