FEDERAL PAVING CORPORATION, Respondent, vs. CITY OF WAUWATOSA, Appellant.

*February 10—June 21, 1939.*

*Roy R. Stauff,* city attorney, for the appellant.

The cause was submitted for the respondent on the brief of *Bender, Trump & McIntyre* of Milwaukee.

WICKHEM, J. Defendant contends, (1) that upon the previous appeal it was held that defendant was prohibited

from contracting with plaintiff for the reason that it did not properly advertise for bids; and (2) that being prohibited from contracting except in a specified way, the plaintiff may not recover upon a theory of unjust enrichment.

It was the holding of this court upon the former appeal, from which the writer of this opinion dissented, that full satisfaction of the requirements of sec. 62.15 (3), Stats., was a prerequisite to a valid contract, and that the city was prohibited from entering the contract without fully meeting the requirements of this section. After reviewing the authorities, the opinion states:

"Upon the authority of these cases it is held that a municipality has no power to make contracts for public improvements unless it proceeds in the manner prescribed by law, and that a contract entered into without complying with the charter provision is void."

The following language from *White Construction Co. v. Beloit,* 178 Wis. 335, 338, 190 N. W. 195, was expressly approved:

"The city may enter into a valid contract in the way specified by law and not otherwise. This is a limitation upon the right of the city to contract which the legislature has a right to create and we are not disposed to construe it away."

With the holding upon the former appeal in mind, we direct our attention to the case of *Shulse v. Mayville,* 223 Wis. 624, 629, 630, 271 N. W. 643, which fully reviews the authorities and sets forth the established doctrines applicable to recovery for unjust enrichment in cases involving void contracts. They may thus be summarized: (1) A municipality does not become liable by reason of any act of its officers or agents either for money, services, or goods where it had no power originally to make itself liable by contract. This applies to situations in which the municipality had no contractual power whatever with reference to the subject matter of the purported contract. (2) A municipality does not become liable for money, goods, or services upon prin-

ciples of unjust enrichment *where it is prohibited from contracting in any other than a specified way,* as for instance, with the lowest bidder. (3) Where the statute specifies the manner in which the municipality may enter a contract the municipality does not become liable upon a contract entered in some other way unless the informal contract be ratified with the formality required by statute to make a contract. Since this category has to do with the municipality's liability upon contract it is of no materiality here. (4) Where the municipality has power to do an act or enter into an obligation *and is not prohibited from creating a liability in any but a specified way,* it may become liable upon principles of unjust enrichment for moneys had and received, for services rendered, or for goods furnished. This is the converse of the situation set forth in (2), and relates to a situation where there is no prohibition against the creation of a contract in the way that it was sought to be created. (5) Where a municipality has received money, goods, or services, and accepted the benefits, and it had power had it proceeded in the statutory way to acquire the money, goods, and services *and it has paid therefor,* an action will not lie to recover back the money into the city treasury. (6) Where the statute provides that the contract can be made by a municipality only in the way specified, an action will lie to restrain payment upon a contract not in compliance with the statute even though there has been part performance and acceptance by the municipality. (7) Under some circumstances a municipality may become bound upon principles of equitable estoppel. (8) Where the statute forbids the making of the contract by a municipality and the other party, the contract is illegal and there shall be no recovery upon principles of unjust enrichment.

The second proposition laid down by the *Shulse Case* is plainly applicable here in view of the former holding by this court that the city of Wauwatosa was prohibited by statute

from entering this contract "in any other than the specified way," and that the contract was void for failure to conform to mandatory requirements of the statute. This being true, the doctrine of the *Shulse Case,* if adhered to, precludes any recovery on the basis of unjust enrichment. The importance of the matter, and a quite natural disinclination to deny plaintiff a recovery for benefits conferred upon the municipality in good faith, have led us to make an extensive restudy of the authorities bearing upon the matter. From this it appears that courts generally have encountered great difficulties in applying rules of restitution to municipal corporations. We do not propose to attempt an extended analysis or discussion of the entire subject. The two cases which furnish a beginning point for a consideration of the matter are *Argenti v. San Francisco* (1860), 16 Cal. 255, and *Zottman v. San Francisco* (1862), 20 Cal. 96. Subsequent cases dealing with the subject will be found in 19 A. L. R. 408; 41 A. L. R. 790; 42 A. L. R. 632; 84 A. L. R. 936; and 110 A. L. R. 153. Adequate discussion of the principles involved are contained in the following articles in law reviews: 16 Virginia Law Review, 628; 17 Minnesota Law Review, 101; 47 Harvard Law Review, 1143; 10 New York University Law Quarterly Review, 64; 9 Michigan Law Review, 671; and 39 West Virginia Law Quarterly, 185.

Summarizing very briefly, it is evident that in many fact situations there is no good reason why a municipal corporation should avoid the duty of paying for benefits conferred in good faith under merely void or irregular contracts, and the courts have tended to impose this duty where the case involved nothing more than this. Where, however, the situation is that outlined in the following quotation from Woodward, Quasi Contracts, p. 261, § 161, the great weight of authority denies a recovery in restitution:

"If the irregularity is such as to deprive the municipality of the protection of a safeguard against the extravagance or

corruption of its officers—as a substantial failure to comply with a requirement that contracts shall be let to the lowest bidder after due publication of notice—recovery should be denied."

The matter is thus put in Restatement, Restitution, p. 241, § 62:

"'A person otherwise entitled to restitution of a benefit conferred by mistake is disentitled thereto if restitution would seriously impair the protection intended to be afforded by common law or by statute to persons in the position of the transferee or of the beneficiary, or to other persons."

One of the illustrations to this section is as follows, p. 243:

"In state X a statute provides that no contract for work to be done for a municipality where the contract price exceeds $10,000 shall be made unless it has been passed upon at regular session of the municipal council duly called. A contracts with the city of Y for dredging for the price of $50,000, the contract being approved only by the municipal officers. Upon completion of the work, A is not entitled to reasonable compensation from Y although he believed that the council had approved the contract or although he did not know of the statute."

It follows that the statements in *Shulse v. Mayville, supra,* which are decisive of this case, as well as holdings to the same effect in *Journal Printing Co. v. Racine,* 210 Wis. 222, 246 N. W. 425; *Cawker v. Central B. P. Co.* 140 Wis. 25, 121 N. W. 888; and *Chippewa Bridge Co. v. Durand,* 122 Wis. 85, 99 N. W. 603, are sustained by the great weight of authority, and however harsh the result may appear to be, the decisions are sound in principle if there is to be effective enforcement of mandatory statutes and avoidance of the circumvention of statutory prohibitions. This principle also makes impossible application of the doctrine of estoppel as a means of binding a municipality. Where creation of a con-

tract in any but a specified way is prohibited, the city may not by waiver, ratification, or acts ordinarily amounting to an estoppel give vitality to the prohibited contract or become bound upon principles of restitution. See *Eau Claire Dells Imp. Co. v. Eau Claire,* 172 Wis. 240, 257, 179 N. W. 2.

The conclusion is inevitable that an action based on principles of *quasi* contract or restitution will not lie, and that the court should have sustained defendant's demurrer.

*By the Court.*—Order reversed, and cause remanded with directions to sustain the demurrer to the complaint and for further proceedings according to law.