THOMSEN-ABBOTT CONSTRUCTION COMPANY, Appellant,
v. CITY OF WAUSAU, Respondent.*

*January 4—February 2, 1960.*

* Motion for rehearing denied, with $25 costs, on April 5, 1960.

226

228

230

For the appellant there was a brief by *Peickert, Anderson & Fisher* and *John E. Shannon, Jr.,* attorneys, and *Gerald*

*M. O'Brien* of counsel, all of Stevens Point, and oral argument by *Hiram D. Anderson, Jr.*

For the respondent there was a brief by *Kelley & Maeder* of Wausau, and oral argument by *John W. Kelley.*

CURRIE, J.   The controlling issue raised by this appeal is whether the clause of the contract, which provides for adjustment of the contract price on the basis of $74 per cubic yard of concrete in the event more or less concrete is required in laying the foundations than called for by the plans, covers the item of the extra cost of dewatering made necessary by lowering the footings to a depth greater than shown on the plans.   Such contract clause will hereinafter be referred to as the "unit-price provision."

The defendant city takes the position that the unit-price provision does cover the dewatering and the circuit court upheld such contention.   On the other hand, the plaintiff contractor maintains that Article 15 of the A. I. A. General Conditions (hereinafter referred to as "Article 15"), which was incorporated into the contract and made a part thereof, controls, and that the unit-price provision is not applicable with respect to the extra cost of dewatering.

Before resolving the issue of whether the unit-price provision or Article 15 controls, we deem it advisable to consider two contentions advanced by the city as to why Article 15 should not confer any cause of action upon the contractor to recover its extra cost of dewatering.

The first of such contentions is that such a provision as Article 15 violates the statutes governing the letting of public contracts.   However, the past decisions of this court make it clear that changes made after the letting of a public contract, which alter the manner of construction but do not substantially change the character of the building or unreasonably increase its costs, and are made pursuant to a provision in the contract permitting such changes, legally

may be made without pursuing the statutory steps required to be taken before the letting of the original contract. *Pung v. Derse* (1917), 165 Wis. 342, 162 N. W. 177; *First Savings & Trust Co. v. Milwaukee County* (1914), 158 Wis. 207, 148 N. W. 22, 148 N. W. 1093; and *Mueller v. Eau Claire County* (1900), 108 Wis. 304, 84 N. W. 430. Under these authorities we deem Article 15 to be a legal provision to include in a public contract. The case of *Probst v. Menasha* (1944), 245 Wis. 90, 13 N. W. (2d) 504, is not in point because the public contract there before the court did not contain any provision authorizing the city to make changes.

The second contention advanced by the city as to why the plaintiff contractor cannot ground his cause of action for additional compensation upon Article 15, even in the absence of the unit-price provision, is because the contract imposed upon the contractor the duty to make his own investigation of underground conditions before submitting its bid. However, the plans contained an express representation that soil which could sustain 6,000 pounds' pressure was to be found at the indicated depth of the bottom of the footings, such indicated depth being the elevation 1,157' above sea level. The architect testified that the only way one could have determined the exact depth at which soil could be found for each footing, which would bear the required weight, would have been to excavate the entire foundation. In situations like this a contractor bidding on a public-work project has the right to rely on the express representation contained in the plans even in the presence of a contract clause similar to the one in the instant contract, which places a duty of investigation upon the contractor. *United States v. Spearin* (1918), 248 U. S. 132, 39 Sup. Ct. 59, 63 L. Ed. 166; *Christie v. United States* (1915), 237 U. S. 234, 35 Sup. Ct. 565, 59 L. Ed. 933; *Pitt Const. Co. v. Alliance* (6th Cir. 1926), 12 Fed. (2d) 28; and *Hersey Gravel Co. v.*

*State Highway Dept.* (1943), 305 Mich. 333, 9 N. W. (2d) 567, 173 A. L. R. 302. See also 43 Am. Jur., Public Works and Contracts, pp. 852, 853, sec. 111.

If the unit-price provision is applicable so as to include the plaintiff contractor's added expense for the dewatering to which it was put by the change order of the architect directing the material deepening of the footings, such provision must prevail over the provisions of Article 15. This is because the unit-price provision is a specific provision, while Article 15 is included in the A. I. A. general provisions of the contract. Where there is an inconsistency between a specific provision and a general provision, the specific provision controls. Restatement, 1 Contracts, pp. 327, 328, sec. 236 (c) ; *Milwaukee County v. H. Neidner & Co.* (1936), 220 Wis. 185, 203, 263 N. W. 468, 265 N. W. 226, 266 N. W. 238.

The crucial question is whether the unit-price provision covers the item of the dewatering expense to which the contractor was put as a result of the architect's change order deepening the footings. It is a question which has caused us no little difficulty to decide. Mr. Abbott, an officer of the plaintiff corporation, is a graduate civil engineer and licensed by the state to practice engineering, who has had many years of extensive experience in building construction work. He testified that unit-price provisions in building contracts are to cover additional work, or less work, of the same nature involved in the contract. Likewise, Mr. Schoepke, the architect, also testified that unit prices for extras by the general custom of the construction trade are not to be applied to work of a nature that is considerably different from the general plan or which require different methods.

The admission of such testimony as to trade custom was proper because it did not vary the terms of the unit-price

provision of the contract. Such provision required the contractor "to furnish any additional or less concrete as required, complete in place, including necessary excavation, . . ." It is physically possible to excavate and lay concrete below the top of the water table without dewatering, but concrete laid in water will be of inferior quality.

It is indisputable, if dewatering is required in order to lay concrete of proper quality, a different method is required than when no dewatering is necessary. However, the plaintiff contractor knew when it submitted its bid that the bottoms of the footings, as shown in the plans, were six inches below the water-table level. Because of this the plaintiff included in its cost estimate, upon which it based its bid, an item of $1,700 to cover the cost of dewatering to a depth of six inches below the bottoms of the footings. Therefore, the fact that a change order was subsequently issued by the architect, which required laying the footings at a greater depth, did not require the employment of any different method of construction.

While we are satisfied that the plaintiff contractor did not include any item of dewatering in its unit-price bid of $74 per cubic yard for laying additional concrete, we are compelled to hold that the unit-price provision of the contract controls, and not Article 15. Therefore, the plaintiff is not entitled to recover its extra cost due to the additional dewatering required to extend the footings to the depth called for by the change order.

The plaintiff's brief places great reliance upon the case of *Gerhardt F. Meyne Co. v. United States* (1948), 76 Fed. Supp. 811, decided by the United States court of claims. In that case the unit-price provision of the contract was expressly qualified so as to render it inapplicable if the changes made required the use of different materials or methods. The plans showed no concrete foundations more

than one foot above ground. Changes were made increasing the height to as much as 11 feet. As a result the contractor was required to have more and stronger forms, and had to erect a scaffold from which to pour the concrete into the forms. The court held the unit-price provision inapplicable because different methods of construction had to be employed by the contractor. The instant case is distinguishable for the reason before pointed out, that the plaintiff contractor was not required to use any different method of construction.

*By the Court.*—Judgment affirmed.