114

WALTER D. GIERTSEN COMPANY and another, d/b/a GROVES-GIERTSEN, Appellants, v. STATE, Respondent.

*January 31—February 28, 1967.*

116

For the appellants there was a brief by *Jasper, Winner, Perina & Rouse* of Madison, attorneys, and *Carlsen, Greiner & Law* of Minneapolis, Minnesota, of counsel, and oral argument by *John D. Winner* and *Wellington H. Law*.

For the respondent the cause was argued by *Richard E. Barrett,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *E. Gordon Young,* assistant attorney general.

GORDON, J. The plaintiffs are contractors who had agreed with the state to build certain bridges which, during construction, were flooded by high water. The damages resulting from that flooding are the subject of this lawsuit. The trial court found that the state withheld material information from the appellants; we must determine whether this fact entitles the plaintiffs to recover in this action.

At the time that bids were being prepared, the contractors conducted their own investigation as to the circumstances involved at the site where the bridges were to be built. Notwithstanding their investigation, the plaintiffs contend that they would have used different

techniques if they had had the information which the state of Wisconsin possessed.

There was an express contractual obligation on the part of the bidding contractors to make an investigation. They did not learn of the report of the United States geological survey until after the flooding had taken place. The federal agency's report contained predictions as to the frequency of floods on the river and indicated that there was a 50 percent chance in any given year that the river would reach an elevation of 778 feet. As a matter of fact, there was testimony indicating that such high-water mark was reached in 1950 and not again until September, 1959, when the unfinished construction work performed by the plaintiffs was flooded.

We believe that the contract entered into between the parties was an arm's length one; it required the contractors to make their own study as to the "conditions to be encountered." We believe that the risk of high water was one of the precise hazards that the parties had in mind when they formally imposed an investigative duty upon the builders. The written agreement expressly provided that "it is mutually agreed that submission of a proposal shall be considered conclusive evidence that the bidder has made such examination." In light of this clause, it is difficult to accept the appellants' present claim that the damages suffered by the flooding should be borne by the state of Wisconsin.

We distinguish those cases wherein the builder claimed to have been misled by affirmative false statements on the part of the agency. *Thomsen-Abbott Construction Co. v. Wausau* (1960), 9 Wis. (2d) 225, 100 N. W. (2d) 921; *Wussow v. State* (1936), 222 Wis. 118, 267 N. W. 56; *McDonald v. State* (1931), 203 Wis. 649, 235 N. W. 1; *Furton v. City of Menasha* (D. C. Wis. 1947), 71 Fed. Supp. 568.

We also distinguish those cases in which concrete facts known to the governmental agency are not disclosed by it to the contractor. An example of this is the situation in

which the governmental agency has information relating to subsoil conditions at the situs. *Walla Walla Port Dist. v. Palmberg* (9th Cir. 1960), 280 Fed. (2d) 237; *Eastover Stores, Inc., v. Minnix* (1959), 219 Md. 658, 150 Atl. (2d) 884; *Valentini v. City of Adrian* (1956), 347 Mich. 530, 79 N. W. (2d) 885.

In the case at bar, there were no affirmative misrepresentations by the state, and in addition the nondisclosure related only to estimates and predictions, as opposed to firm facts. The chief bridge engineer for the state testified that the information contained in the United States geological survey report was not transmitted because, in his opinion, it was not reliable. The trial court did not ascribe malice or any improper motive to the state's nondisclosure which related to a prognostication as to flooding rather than an assertion as to an incontestable fact.

Upon the facts of this case, there is no valid reason to surcharge the defendant with the responsibility for the very risk which the appellants had undertaken by an express contractual commitment. If there had been affirmative misrepresentations by the state or if the nondisclosures were the result of malice or if they related to factual matters as opposed to mere predictions, we might be persuaded to view this matter differently. Dealing, however, only with the facts as presented in the case at bar, we conclude that the plaintiffs' complaint was properly dismissed.

In the findings of fact, the learned trial court stated, at finding No. 2, that the report "contained reference to flood frequencies and elevations of the Wisconsin River at the construction site which was not reasonably obtainable through an investigation at the site nor from an investigation through normal channels." However, in its conclusions of law the court entered the following, which tends to contradict the finding quoted immediately above:

"2. That since a proper examination of the bridge site by the plaintiffs would have led to a disclosure of all of the essential facts, including the superior knowledge of the state, and since such failure on the part of the plaintiffs is a breach of its duty."

We believe that any inconsistency between the quoted finding of fact and the quoted conclusion of law must be resolved by heeding the judgment which the trial court directed to be entered. In *Morgan v. Richter* (1919), 170 Wis. 111, 174 N. W. 712, the amount to be paid to the plaintiff was stated differently in the findings of fact and in the judgment. This court noted the divergence and stated, at page 114, ". . . we must presume that the judgment is right." In the case at bar, the trial court ordered that judgment be entered dismissing the complaint, and we resolve any inconsistency by determining that the plaintiffs would have learned *all* the essential facts if they had made a thorough scrutiny of the circumstances at the bridge site.

*By the Court.*—Judgment affirmed.

WILKIE, J., took no part.